## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 0:24cv61859

**AZIZ ABDELAZIZ**,

      Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS INC**,
**EQUIFAX INFORMATION SERVICES LLC**,
**TRANS UNION LLC**,
**and CREDIT ONE FINANCIAL**
**D/B/A CREDIT ONE BANK**,

      Defendants.

_____/

### <u>COMPLAINT</u>

Plaintiff Aziz Abdelaziz ("Plaintiff") sues Defendant Experian Information Solutions Inc, Defendant Equifax Information Services LLC, Defendant Trans Union LLC, and Defendant Credit One Financial d/b/a Credit One Bank, (collectively, the "Defendants") for violations of the Fair Credit Reporting Act ("FCRA").

### <u>JURISDICTION AND VENUE</u>

1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.    Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

### <u>PARTIES</u>

3.    Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.      Defendant Experian Information Solutions Inc ("Experian" or "Defendant-EX") is an Ohio corporation with its principal place of business located in Costa Mesa, California.

5.      Defendant Equifax Information Services LLC ("Equifax" or "Defendant-EQ") is a Georgia limited liability company with its principal place of business located in Atlanta, Georgia.

6.      Defendant Trans Union LLC ("TransUnion" or "Defendant-TU") is a Delaware limited liability company with its principal place of business located in Chicago, Illinois.

7.      Defendant Credit One Financial d/b/a Credit One Bank ("Credit One Bank") is a/an Nevada corporation with its principal place of business located in Las Vegas, Nevada.

## **DEMAND FOR JURY TRIAL**

8.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## **ALLEGATIONS**

9.      On a date better known by Defendants, Defendants reported debts allegedly owed by Plaintiff to the national credit reporting agencies. Among the accounts and other inaccuracies reported were a 1STProgress/TSYS/VT account, an incorrect social security number, an American Express account, a Barclays Bank Delaware, a Capital One account, a CB Indigo/GF account, a Feb Destiny/GF account, a Mission Lane Tab Bank account, a JPMCB Card account and Credit One Bank account  (collectively, the "Subject Accounts").

10.     The Subject Accounts, as reported on Plaintiff's credit reports, are erroneous, incomplete, inaccurate, and, as such, require correction. In particular, among other issues, the Subject Accounts are erroneous because they state inaccurate credit limit and balance information. As such, to achieve the necessary correction, Plaintiff disputed the Subject Accounts with the national credit bureaus.

**EXPERIAN**

11.     Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

12.     Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

13.     Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

14.     On September 14, 2023, Plaintiff sent Experian a written dispute (the "First Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] The addresses listed on my report are inaccurate. Specifically, I have never lived at the following addresses: 4330 N New England Ave. Harwood Heights, IL 60706, 2736 Porter NW St Apt5, Washington, DC 20008, 5996 Pinewood Ave. Parkland, FL 33067, My only address is 8894 NW 44th Street #8207, Sunrise, FL 33351. Please correct this. [2] My report inaccurately lists my Employers as Life Shield, KW and Law Firm. My only employer is LPT Realty. Please correct this. [3] The names listed on my report are inaccurate. I am only known as Aziz Mahmoud Abdelaziz. Please correct this. [4] The report inaccurately lists two social security numbers. My only social security number ends in 7251. Please correct this. [5] The 1STProgress/TSYS/VT accounts opened on 08-03-2022 are inaccurate. The balance should be zero.    The accounts inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [6] The American Express account opened on 12-27-2018 is inaccurate. I never opened this account. [7] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. I never opened this account. [8] The Capital One account opened on 07-28-2022 is inaccurate. The credit limit is inaccurate. [9] The CB Indigo/GF account opened on 07-28-2022 is inaccurate. This

account is closed. [10] The Feb Destiny/GF account opened on 07-28-2022 is inaccurate. This account is closed. [11] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. [12] The JPMCB Card account opened on 07-07-2008 is inaccurate. The data is inconsistent. I did not dispute this in July 2023. [13] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

15.     Despite receiving Plaintiff's First Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

16.     Despite receiving Plaintiff's dispute, Experian continues to report the Subject Accounts inaccurately.

17.     Despite receiving Plaintiff's dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

18.     On October 16, 2023, Plaintiff sent Experian a written dispute (the "Second Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] The addresses listed on my report are inaccurate. Specifically, I have never lived at the following addresses: 4330 N New England Ave. Harwood Heights, IL 60706, 2736 Porter NW St Apt5, Washington, DC 20008, 5996 Pinewood Ave. Parkland, FL 33067, My only address is 8894 NW 44th Street #8207, Sunrise, FL 33351. Please correct this. [2] My report inaccurately lists my Employers as Life Shield, KW and Law Firm. My only employer is LPT Realty. Please correct this. [3] The names listed on my report are inaccurate. I am only known as Aziz Mahmoud Abdelaziz. Please correct this. [4] The report inaccurately lists two social security numbers. My only social security number ends in 7251. Please correct this. [5] The 1STProgress/TSYS/VT accounts opened on 08-03-2022 are inaccurate. The balance should be zero.    The accounts

inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [6] The American Express account opened on 12-27-2018 is inaccurate. I never opened this account. [7] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. I never opened this account. [8] The Capital One account opened on 07-28-2022 is inaccurate. The credit limit is inaccurate. [9] The CB Indigo/GF account opened on 07-28-2022 is inaccurate. This account is closed. [10] The Feb Destiny/GF account opened on 07-28-2022 is inaccurate. This account is closed. [11] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. [12] The JPMCB Card account opened on 07-07-2008 is inaccurate. The data is inconsistent. I did not dispute this in July 2023. [13] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

19.     Despite receiving Plaintiff's Second Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

20.     Despite receiving Plaintiff's dispute, Experian continues to report the Subject Accounts inaccurately.

21.     Despite receiving Plaintiff's dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

22.     On December 5, 2023, Plaintiff sent Experian a written dispute (the "Third Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] The addresses listed on my report are inaccurate. Specifically, I have never lived at the following addresses: 4330 N New England Ave. Harwood Heights, IL 60706, 2736 Porter NW St Apt5, Washington, DC 20008, 5996 Pinewood Ave. Parkland, FL 33067, My only address is 8894 NW 44th Street #8207, Sunrise, FL 33351. Please correct this. [2] My report inaccurately lists my

Employers as Life Shield, KW and Law Firm. My only employer is LPT Realty. Please correct this. [3] The names listed on my report are inaccurate. I am only known as Aziz Mahmoud Abdelaziz. Please correct this. [4] The report inaccurately lists two social security numbers. My only social security number ends in 7251. Please correct this. [5] The 1STProgress/TSYS/VT accounts opened on 08-03-2022 are inaccurate. The balance should be zero.   The accounts inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [6] The American Express account opened on 12-27-2018 is inaccurate. I never opened this account. [7] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. I never opened this account. [8] The Capital One account opened on 07-28-2022 is inaccurate. The credit limit is inaccurate. [9] The CB Indigo/GF account opened on 07-28-2022 is inaccurate. This account is closed. [10] The Feb Destiny/GF account opened on 07-28-2022 is inaccurate. This account is closed. [11] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. [12] The JPMCB Card account opened on 07-07-2008 is inaccurate. The data is inconsistent. I did not dispute this in July 2023. [13] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

23.     Despite receiving Plaintiff's Third Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

24.     Despite receiving Plaintiff's Third Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

25.     Despite receiving Plaintiff's Third Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

26.     On January 4, 2024, Plaintiff sent Experian a written dispute (the "Credit One Bank Dispute") specifically regarding the inaccurate Credit One Bank account appearing on Plaintiff's Experian report, whereby Plaintiff stated, in relevant part, that [1] The Credit One Bank account opened on September 19, 2019, is inaccurate. I have never been late making payments on this account. I was wrongfully charged fees by Credit One Bank and, after speaking to Credit One Bank, Credit One Bank agreed to waive any fees and remove the negative remarks from my report.

27.     Despite receiving Plaintiff's Credit One Bank Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

28.     Despite receiving Plaintiff's Credit One Bank Dispute, Experian continues to report the Subject Accounts inaccurately.

29.     Despite receiving Plaintiff's Credit One Bank Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

30.     On May 17, 2024, Plaintiff sent Experian a written dispute (the "Fourth Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] The addresses listed on my report are inaccurate. Specifically, I have never lived at the following addresses: 4330 N New England Ave. Harwood Heights, IL 60706, 2736 Porter NW St Apt5, Washington, DC 20008, 5996 Pinewood Ave. Parkland, FL 33067, My only address is 8894 NW 44th Street #8207, Sunrise, FL 33351. Please correct this. [2] My report inaccurately lists my Employers as Life Shield, KW and Law Firm. My only employer is LPT Realty. Please correct this. [3] The names listed on my report are inaccurate. I am only known as Aziz Mahmoud Abdelaziz. Please correct this. [4] The report inaccurately lists two social security numbers. My only social security number ends in 7251. Please correct this. [5] The 1STProgress/TSYS/VT accounts opened on 08-03-2022 are inaccurate. The balance should be zero.   The accounts

inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [6] The American Express account opened on 12-27-2018 is inaccurate. I never opened this account. [7] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. I never opened this account. [8] The Capital One account opened on 07-28-2022 is inaccurate. The credit limit is inaccurate. [9] The CB Indigo/GF account opened on 07-28-2022 is inaccurate. This account is closed. [10] The Feb Destiny/GF account opened on 07-28-2022 is inaccurate. This account is closed. [11] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. [12] The JPMCB Card account opened on 07-07-2008 is inaccurate. The data is inconsistent. I did not dispute this in July 2023. [13] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

31.     Despite receiving Plaintiff's Fourth Experian Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

32.     Despite receiving Plaintiff's Fourth Experian Dispute, Experian continues to report the Subject Accounts inaccurately.

33.     Despite receiving Plaintiff's Fourth Experian Dispute, Experian failed to notify Plaintiff that Experian deemed Plaintiff's dispute as irrelevant and/or frivolous.

34.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

35.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

36.     Experian failed to conduct a reasonable investigation.

37.     Experian failed to review and consider all relevant information submitted by Plaintiff.

38.     Experian failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (Experian).

39.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Experian failed to correct the information.

40.     Experian's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

41.     Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, choose to parrot the information it (Experian) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

42.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

43.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

## EQUIFAX

44.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

45.     Equifax regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

46.     Equifax is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

47.     On September 14, 2023, Plaintiff sent Equifax a written dispute (the "First Equifax Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that [1] The Summary portion of my report is inaccurate. The report does not include my student loan accounts. Please correct this. [2] My name is inaccurately stated as Aziz Abdelaziz. My full name is Aziz Mahmoud Abdelaziz. Please correct this. [3] The addresses stated on my report are inaccurate. My address is 8894 NW 44th Street #8207, Sunrise, FL 33351. All other addresses are inaccurate. Please correct this. [4] The report inaccurately does not list my employer. My employer is LPT Realty. Please correct this. [5] The First Progress Card accounts ending in 1247 and 1239 opened on 08-03-2022 are the same card. This is inaccurately being reported twice. Please correct this. [6] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. This account does not belong to me. The information is inaccurate, this information is inconsistent. [7] The Indigo – Celtic Bank account opened on 07-28-2022 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [8] The Feb Destiny account opened on 07-28-2022 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [9] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account.

The information is inaccurate, this information is inconsistent. [10] The Fingerhut/Webbank account opened on 09-21-2020 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [11] The SYNCB/ JC Penneys account opened on 02-10-2008 is inaccurate. This account has been closed since 02-2008. Please remove it. [12] The SYNCB/GAP account opened on 03-05-2008 is inaccurate. This account has been closed since 10-2010. [13] The JPMCB – Card Services account opened on 12-04-2006 is inaccurate. This account has been closed since 01-2012 please remove it. [14] The hard inquiries conducted by Capital One Bank on 07-30-2023 and 07-28-2022 are inaccurate. I never authorized these hard inquiries. [15] The hard inquiry conducted by JPCMB – Card Services on 12-03-2021 is inaccurate. I never authorized this hard inquiry."

48.     Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

49.     Despite receiving Plaintiff's First Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

50.     Despite receiving Plaintiff's First Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

51.     On October 16, 2023, Plaintiff sent Equifax a written dispute (the "Second Equifax Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that [1] The Summary portion of my report is inaccurate. The report does not include my student loan accounts. Please correct this. [2] My name is inaccurately stated as Aziz Abdelaziz. My full name is Aziz Mahmoud Abdelaziz. Please correct this. [3] The addresses stated on my report are inaccurate. My address is 8894 NW 44th Street #8207, Sunrise, FL 33351. All other addresses are inaccurate. Please correct this. [4] The report inaccurately does not list my employer. My employer is LPT

Realty. Please correct this. [5] The First Progress Card accounts ending in 1247 and 1239 opened on 08-03-2022 are the same card. This is inaccurately being reported twice. Please correct this. [6] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. This account does not belong to me. The information is inaccurate, this information is inconsistent. [7] The Indigo – Celtic Bank account opened on 07-28-2022 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [8] The Feb Destiny account opened on 07-28-2022 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [9] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [10] The Fingerhut/Webbank account opened on 09-21-2020 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [11] The SYNCB/ JC Penneys account opened on 02-10-2008 is inaccurate. This account has been closed since 02-2008. Please remove it. [12] The SYNCB/GAP account opened on 03-05-2008 is inaccurate. This account has been closed since 10-2010. [13] The JPMCB – Card Services account opened on 12-04-2006 is inaccurate. This account has been closed since 01-2012 please remove it. [14] The hard inquiries conducted by Capital One Bank on 07-30-2023 and 07-28-2022 are inaccurate. I never authorized these hard inquiries. [15] The hard inquiry conducted by JPCMB – Card Services on 12-03-2021 is inaccurate. I never authorized this hard inquiry.

52.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

53.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

54.     Despite receiving Plaintiff's Second Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

55.     On December 5, 2023, Plaintiff sent Equifax a written dispute (the "Third Equifax Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that [1] The Summary portion of my report is inaccurate. The report does not include my student loan accounts. Please correct this. [2] My name is inaccurately stated as Aziz Abdelaziz. My full name is Aziz Mahmoud Abdelaziz. Please correct this. [3] The addresses stated on my report are inaccurate. My address is 8894 NW 44th Street #8207, Sunrise, FL 33351. All other addresses are inaccurate. Please correct this. [4] The report inaccurately does not list my employer. My employer is LPT Realty. Please correct this. [5] The First Progress Card accounts ending in 1247 and 1239 opened on 08-03-2022 are the same card. This is inaccurately being reported twice. Please correct this. [6] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. This account does not belong to me. The information is inaccurate, this information is inconsistent. [7] The Indigo – Celtic Bank account opened on 07-28-2022 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [8] The Feb Destiny account opened on 07-28-2022 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [9] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [10] The Fingerhut/Webbank account opened on 09-21-2020 is inaccurate. This account is closed. Please remove this account. The information is inaccurate, this information is inconsistent. [11] The SYNCB/ JC Penneys account opened on 02-10-2008 is inaccurate. This account has been closed since 02-2008. Please remove it. [12] The SYNCB/GAP account opened on 03-05-2008 is inaccurate. This account has

been closed since 10-2010. [13] The JPMCB – Card Services account opened on 12-04-2006 is inaccurate. This account has been closed since 01-2012 please remove it. [14] The hard inquiries conducted by Capital One Bank on 07-30-2023 and 07-28-2022 are inaccurate. I never authorized these hard inquiries. [15] The hard inquiry conducted by JPCMB – Card Services on 12-03-2021 is inaccurate. I never authorized this hard inquiry."

56.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

57.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

58.     Despite receiving Plaintiff's Third Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

59.     On January 4, 2024, Plaintiff sent Equifax a written dispute (the "Credit One Bank Dispute") specifically regarding the inaccurate Credit One Bank account appearing on Plaintiff's Experian report, whereby Plaintiff stated, in relevant part, that [1] The Credit One Bank account opened on September 19, 2019, is inaccurate. I have never been late making payments on this account. I was wrongfully charged fees by Credit One Bank and, after speaking to Credit One Bank, Credit One Bank agreed to waive any fees and remove the negative remarks from my report.

60.     Despite receiving Plaintiff's Credit One Bank Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

61.     Despite receiving Plaintiff's Credit One Bank Dispute, Equifax continues to report the Subject Accounts inaccurately.

62.     Despite receiving Plaintiff's Credit One Bank Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

63.     On May 20, 2024, Plaintiff sent Equifax a Fourth written dispute (the "Fourth Experian Dispute") regarding the Subject Accounts, whereby Plaintiff stated, in relevant part, that "[1] The addresses listed on my report are inaccurate. Specifically, I have never lived at the following addresses: 4330 N New England Ave. Harwood Heights, IL 60706, 2736 Porter NW St Apt5, Washington, DC 20008, 5996 Pinewood Ave. Parkland, FL 33067, My only address is 8894 NW 44th Street #8207, Sunrise, FL 33351. Please correct this. [2] My report inaccurately lists my Employers as Life Shield, KW and Law Firm. My only employer is LPT Realty. Please correct this. [3] The names listed on my report are inaccurate. I am only known as Aziz Mahmoud Abdelaziz. Please correct this. [4] The report inaccurately lists two social security numbers. My only social security number ends in 7251. Please correct this. [5] The 1STProgress/TSYS/VT accounts opened on 08-03-2022 are inaccurate. The balance should be zero.   The accounts inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [6] The American Express account opened on 12-27-2018 is inaccurate. I never opened this account. [7] The Barclays Bank Delaware account opened on 01-24-2018 is inaccurate. I never opened this account. [8] The Capital One account opened on 07-28-2022 is inaccurate. The credit limit is inaccurate. [9] The CB Indigo/GF account opened on 07-28-2022 is inaccurate. This account is closed. [10] The Feb Destiny/GF account opened on 07-28-2022 is inaccurate. This account is closed. [11] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. This account is closed. Please remove this account. [12] The JPMCB Card account opened on 07-07-2008 is inaccurate. The data is inconsistent. I did not dispute this in July 2023. [13] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

64.     Despite receiving Plaintiff's Fourth Equifax Dispute, Equifax failed to conduct any investigation into the accuracy of Plaintiff's credit report.

65.     Despite receiving Plaintiff's Fourth Equifax Dispute, Equifax continues to report the Subject Accounts inaccurately.

66.     Despite receiving Plaintiff's Fourth Equifax Dispute, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's dispute as irrelevant and/or frivolous.

67.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

68.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

69.     Equifax failed to conduct a reasonable investigation.

70.     Equifax failed to review and consider all relevant information submitted by Plaintiff.

71.     Equifax failed to conduct an independent investigation and, instead, deferred to the underlying furnisher despite the information Plaintiff provided to it (Equifax).

72.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, Equifax failed to correct the information.

73.     Equifax's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence Equifax's failure to

establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

74.     Equifax did not conduct any independent investigation after it (Equifax) received Plaintiff's dispute and, instead, choose to parrot the information it (Equifax) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

75.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

76.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

## **TRANSUNION**

77.     TransUnion is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

78.     TransUnion regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

79.     TransUnion is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

80.     On September 14, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts (the "First TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] My name is inaccurately stated as Aziz Abdelaziz, Aziz M. Mhmoud, and Mahmoud Raed Abdelaziz. My full name is Aziz Mahmoud Abdelaziz. Please correct this. [2] My phone number is inaccurately listed as 652-925-9258. Please correct this. [3] My report inaccurately states I was living at 3520 NW 85th Way Apt 305 Sunrise, FL 33351 on March 17, 2023. This is inaccurate I was not living there in March 2023, I was living there in June 2023. [4] The JPCMB Card Services

account opened on 07-07-2008 is inaccurate. This account should have been removed. [5] The Macys/Citibank, N.A. account opened on 06-09-2010 is inaccurate.  The balance amount is inaccurate. The remarks concerning the account are inaccurate and inconsistent. [6] The American Express account opened on 12-27-2018 is inaccurate.  This account does not belong to me. [7] The CB Indigo account opened on 07-28-2022 is inaccurate.  This account is closed and the credit limit amount of $300 is inaccurate. [8] The FEB Destiny account opened on 07-28-2022 is inaccurate. The account is closed and the credit limit amount of $300 is inaccurate. [9] The First Progress accounts opened on 08-03-2022 are inaccurate.  The accounts inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [10] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. The account inaccurately states that the credit limit is $1,500. [11] The Webbank Fingerhut account opened on 09-21-2020 is inaccurate.  The account inaccurately states that the credit limit is $200. [12] The Capital One account opened on 09-17-2020 is inaccurate. The account's remarks inaccurately state DRG. [13] The Dept of ED/Nelnet accounts opened on 12-28-2013 are inaccurate.  This account was supposed to be removed in 08-2023. The ratings regarding these accounts are inconsistent. [14] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

81.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

82.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

83.     Despite receiving Plaintiff's First TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

84.     On October 16, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts ("the Second TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] My name is inaccurately stated as Aziz Abdelaziz, Aziz M. Mhmoud, and Mahmoud Raed Abdelaziz. My full name is Aziz Mahmoud Abdelaziz. Please correct this. [2] My phone number is inaccurately listed as 652-925-9258. Please correct this. [3] My report inaccurately states I was living at 3520 NW 85th Way Apt 305 Sunrise, FL 33351 on March 17, 2023. This is inaccurate I was not living there in March 2023, I was living there in June 2023. [4] The JPCMB Card Services account opened on 07-07-2008 is inaccurate. This account should have been removed. [5] The Macys/Citibank, N.A. account opened on 06-09-2010 is inaccurate. The balance amount is inaccurate. The remarks concerning the account are inaccurate and inconsistent. [6] The American Express account opened on 12-27-2018 is inaccurate. This account does not belong to me. [7] The CB Indigo account opened on 07-28-2022 is inaccurate. This account is closed and the credit limit amount of $300 is inaccurate. [8] The FEB Destiny account opened on 07-28-2022 is inaccurate. The account is closed and the credit limit amount of $300 is inaccurate. [9] The First Progress accounts opened on 08-03-2022 are inaccurate. The accounts inaccurately state the credit limit as being $300. This account is inaccurately being reported twice. Please correct this. [10] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. The account inaccurately states that the credit limit is $1,500. [11] The Webbank Fingerhut account opened on 09-21-2020 is inaccurate. The account inaccurately states that the credit limit is $200. [12] The Capital One account opened on 09-17-2020 is inaccurate. The account's remarks inaccurately state DRG. [13] The Dept of ED/Nelnet accounts opened on 12-28-2013 are inaccurate. This account was supposed to be removed in 08-2023. The ratings regarding these accounts are inconsistent. [14]

The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

85.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to conduct any independent investigation into the accuracy of Plaintiff's credit report.

86.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

87.     Despite receiving Plaintiff's Second TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

88.     On December 5, 2023, Plaintiff sent TransUnion a written dispute regarding the Subject Accounts ("the Third TransUnion Dispute"), whereby Plaintiff stated, in relevant part, that "[1] My name is inaccurately stated as Aziz Abdelaziz, Aziz M. Mhmoud, and Mahmoud Raed Abdelaziz. My full name is Aziz Mahmoud Abdelaziz. Please correct this. [2] My phone number is inaccurately listed as 652-925-9258. Please correct this. [3] My report inaccurately states I was living at 3520 NW 85th Way Apt 305 Sunrise, FL 33351 on March 17, 2023. This is inaccurate I was not living there in March 2023, I was living there in June 2023. [4] The JPCMB Card Services account opened on 07-07-2008 is inaccurate. This account should have been removed. [5] The Macys/Citibank, N.A. account opened on 06-09-2010 is inaccurate.  The balance amount is inaccurate. The remarks concerning the account are inaccurate and inconsistent. [6] The American Express account opened on 12-27-2018 is inaccurate.  This account does not belong to me. [7] The CB Indigo account opened on 07-28-2022 is inaccurate.  This account is closed and the credit limit amount of $300 is inaccurate. [8] The FEB Destiny account opened on 07-28-2022 is inaccurate. The account is closed and the credit limit amount of $300 is inaccurate. [9] The First Progress accounts opened on 08-03-2022 are inaccurate.  The accounts inaccurately state the credit limit as

being $300. This account is inaccurately being reported twice. Please correct this. [10] The Mission Lane Tab Bank account opened on 09-18-2020 is inaccurate. The account inaccurately states that the credit limit is $1,500. [11] The Webbank Fingerhut account opened on 09-21-2020 is inaccurate.  The account inaccurately states that the credit limit is $200. [12] The Capital One account opened on 09-17-2020 is inaccurate. The account's remarks inaccurately state DRG. [13] The Dept of ED/Nelnet accounts opened on 12-28-2013 are inaccurate.  This account was supposed to be removed in 08-2023. The ratings regarding these accounts are inconsistent. [14] The hard inquiries conducted by JPMCB Card Services on 06-10-2023 and 10-01-2022 are inaccurate. I never authorized these hard inquiries."

89.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to conduct any independent investigation into the accuracy of Plaintiff's credit report.

90.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

91.     Despite receiving Plaintiff's Third TransUnion Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

92.     On January 4, 2024, Plaintiff sent Equifax a written dispute (the "Credit One Bank Dispute") specifically regarding the inaccurate Credit One Bank account appearing on Plaintiff's Experian report, whereby Plaintiff stated, in relevant part, that [1] The Credit One Bank account opened on September 19, 2019, is inaccurate. I have never been late making payments on this account. I was wrongfully charged fees by Credit One Bank and, after speaking to Credit One Bank, Credit One Bank agreed to waive any fees and remove the negative remarks from my report.

93.     Despite receiving Plaintiff's Credit One Bank Dispute, TransUnion failed to conduct any investigation into the accuracy of Plaintiff's credit report.

94.     Despite receiving Plaintiff's Credit One Bank TransUnion Dispute, TransUnion continues to report the Subject Accounts inaccurately.

95.     Despite receiving Plaintiff's Credit One Bank Dispute, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's dispute as irrelevant and/or frivolous.

96.     Continuing to report Plaintiff's accounts inaccurately is significant. By continuing to report Plaintiff's account inaccurately and/other erroneously, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on the consumer's credit worthiness by impacting their credit score negatively.

97.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

98.     TransUnion failed to conduct a reasonable investigation.

99.     TransUnion failed to review and consider all relevant information submitted by Plaintiff.

100.    TransUnion failed to conduct an independent investigation and, instead, deferred to underlying furnisher despite the information Plaintiff provided to it (TransUnion).

101.    TransUnion possessed evidence that the information was inaccurate as described by Plaintiff in Plaintiff's dispute; however, TransUnion failed to correct the information.

102.    TransUnion's reporting of inaccurate information in connection with the Subject Accounts, despite evidence that said information is inaccurate, evidence TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

103.    TransUnion did not conduct any independent investigation after it (TransUnion) received Plaintiff's dispute and, instead, choose to parrot the information it (TransUnion) received from the underlying furnisher despite being in possession of evidence that the information was inaccurate.

104.    Upon receiving the results of TransUnion's investigation, Plaintiff sent TransUnion a request to file a statement into Plaintiff's TransUnion report indicating that Plaintiff disputed the results of TransUnion's investigation.

105.    Without any explanation or reason, TransUnion failed to include the statement in the Plaintiff's TransUnion report.

106.    Despite receiving Plaintiff's statement, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's statement as irrelevant and/or frivolous.

107.    Without any explanation or reason, TransUnion continues to fail to include Plaintiff's statement in Plaintiff's TransUnion report.

108.    Without any explanation or reason, TransUnion continues to report false, inaccurate, or otherwise incomplete information, about Plaintiff.

109.    Plaintiff has suffered damages as a result of the incorrect reporting and TransUnion's failure to correct the credit report pertaining to Plaintiff.

**<u>CREDIT ONE BANK</u>**

110.    Defendant Credit One Bank is the creditor of a debt alleged owed by Plaintiff.

111.    The Debt was incurred by Plaintiff for the personal benefit of Plaintiff.

112.    The Subject Service was primarily for personal, family, or household purposes.

113.    On a date better known by Credit One Bank, Credit One Bank inaccurately began reporting that Plaintiff was late making payments.

114.    On a date better known by Credit One Bank, Credit One Bank began wrongfully charging fees reporting that Plaintiff was late making payments.

115.    After speaking to Credit One Bank regarding the erroneous late payments and fees, Credit One Bank agreed to waive the fees and remove the related inaccurate information.

116.    Thereafter, Credit One Bank failed to remove the inaccurate information related to the erroneous late payments and fees.

117.    Plaintiff has suffered damages as a result of the incorrect reporting resulting from Defendant Credit One Bank's failure to correct the Credit One Bank account information pertaining to Plaintiff.

## COUNT 1
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against Experian)

118.    Plaintiff incorporates by reference ¶¶ 9-43 of this Complaint.

119.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

120.    Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Experian credit report.

121.    Experian's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

122.    Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure

to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

123.   The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

124.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

125.   The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

126.   As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

127.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**<u>NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>**
(against Experian)

128.    Plaintiff incorporates by reference ¶¶ 9-43 of this Complaint.

129.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

130.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

131.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

132.    Additionally, Experian negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

133.    Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

134.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

135.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

136.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

137.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C.

§ 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

[3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 3
### VIOLATION OF 15 USCS § 1681s-2 (a)(8)(F) OF THE FAIR CREDIT REPORTING ACT
(against Experian)

138.    Plaintiff incorporates by reference ¶¶ 9-43 of this Complaint.

139.    Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

140.    Despite receiving Plaintiff's five (5) disputes, Experian failed to notify Plaintiff that Experian deemed Plaintiff's five (5) disputes as irrelevant and/or frivolous.

141.    The conduct, action and inaction of Experian was negligent or willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

142.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

143.    Plaintiff incorporates by reference ¶¶ 9-10, 44-76 of this Complaint.

144.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

145.   Equifax failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's Equifax credit report.

146.   Equifax's procedures were per se deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

147.   Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

148.   The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

149.   Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

150.   The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

151.   As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

152.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

## COUNT 5
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (against Equifax)

153.   Plaintiff incorporates by reference ¶¶ 9-10, 44-76 of this Complaint.

154.   On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

155.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

156.    On at least one occasion within the past two years, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

157.    Additionally, Equifax negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

158.    Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

159.    The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

160.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

161.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

162.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

### COUNT 6
### VIOLATION OF 15 USCS § 1681s-2 (a)(8)(F) OF THE FAIR CREDIT REPORTING ACT
(against Equifax)

163.    Plaintiff incorporates by reference ¶¶ 9-10, 44-76 of this Complaint.

164.    Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

165.    Despite receiving Plaintiff's five (5) disputes, Equifax failed to notify Plaintiff that Equifax deemed Plaintiff's five (5) disputes as irrelevant and/or frivolous.

166.    The conduct, action and inaction of Equifax was negligent or willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

167.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C.

§ 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

[3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 7**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

168.    Plaintiff incorporates by reference ¶¶ 9-10, 77-109 of this Complaint.

169.    On at least one occasion within the past two years, by example only and without

limitation, TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit

files published and maintained concerning Plaintiff.

170.    TransUnion failed to establish or follow reasonable procedures to assure maximum

possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's

disputes of the information contained in Plaintiff's TransUnion credit report.

171.    TransUnion's procedures were per se deficient by reason of these failures in

ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

172.    TransUnion has willfully and recklessly failed to comply with the FCRA. The

failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a]

the failure to follow reasonable procedures to assure the maximum possible accuracy of the

information reported; [b] the failure to correct erroneous personal information regarding Plaintiff

after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and

derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly

and adequately investigate information which TransUnion had notice was inaccurate; [e] the

continual placement of inaccurate information into the credit report of Plaintiff after being advised

by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that

Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

173.   The conduct, action and inaction of TransUnion was willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

174.   Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

175.   The appearance of the accounts on Plaintiff's credit report, namely, those accounts identified by Plaintiff in Plaintiff's dispute to TransUnion, was the direct and proximate result of TransUnion's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

176.   As a result of the conduct, action, and inaction, of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

177.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees

pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems appropriate under the circumstances.

**COUNT 8**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

178.    Plaintiff incorporates by reference ¶¶ 9-10, 77-109 of this Complaint.

179.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

180.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed Information.

181.    On at least one occasion within the past two years, by example only and without limitation, TransUnion violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

182.    TransUnion negligently failed to report accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

183.    TransUnion has negligently failed to comply with the FCRA. The failures of TransUnion to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which TransUnion had notice was inaccurate; [e] the

continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete; and [h] the failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

184.    The conduct, action, and inaction, of TransUnion was negligent, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

185.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

186.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

187.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 9**
**VIOLATION OF 15 USCS § 1681s-2 (a)(8)(F) OF THE FAIR CREDIT REPORTING ACT**
(against TransUnion)

188.    Plaintiff incorporates by reference ¶¶ 9-10, 77-109 of this Complaint.

189.    Pursuant to 15 USCS § 1681s-2 (a)(8)(F), upon making a determination that a dispute submitted by a consumer is frivolous or irrelevant, the consumer must be notified of such a determination no later than five (5) business days after such a determination is made, such a determination must include the reasons for determining why the dispute is frivolous or irrelevant.

190.    Despite receiving Plaintiff's four (4) disputes, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's four (4) disputes as irrelevant and/or frivolous.

191.    The conduct, action and inaction of TransUnion was negligent or willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

192.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 10**
**VIOLATION OF 1681i(b) AND 1681i(c) OF THE FAIR CREDIT REPORTING ACT**
**(against TransUnion)**

193.    Plaintiff incorporates by reference ¶¶ 9-10, 77-109 of this Complaint.

194.    Pursuant to 1681i(b), "If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one hundred words if it provides the consumer with assistance in writing a clear summary of the dispute."

195.    Pursuant to 1681i(c), "Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is

disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof."

196.    Without any explanation or reason, TransUnion failed to include the statement in Plaintiff's TransUnion report.

197.    Despite receiving Plaintiff's statement, TransUnion failed to notify Plaintiff that TransUnion deemed Plaintiff's statement as irrelevant and/or frivolous.

198.    Without any explanation or reason, TransUnion continues to fail to include Plaintiff's statement in Plaintiff's TransUnion report.

199.    The conduct, action and inaction of TransUnion was negligent or willful, thereby rendering TransUnion liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

200.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against TransUnion, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 11
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Credit One Bank)

201.    Plaintiff incorporates by reference ¶¶ 9-117 of this Complaint.

202.    On at least one occasion within the past two years, by example only and without limitation,  violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

203.    On at least one occasion within the past two years, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b) by continuing to publish to the credit reporting agencies inaccurate information regarding Plaintiff.

204.    On at least one occasion within the past two years, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

205.    On at least one occasion within the past two years, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

206.    On at least one occasion within the past two years, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

207.    Upon information and belief, Credit One Bank was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's disputes.

208.    When Credit One Bank received notice of Plaintiff's dispute from Experian, Equifax and TransUnion, Credit One Bank could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

209.     Credit One Bank would have discovered that the information it was reporting about Plaintiff was inaccurate if had reviewed its own systems and previous communications with the Plaintiff.

210.    Credit One Bank's investigation was per se deficient by reason of these failures on Credit One Bank's investigation of Plaintiff's dispute.

211.    As a direct and proximate result of 's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's

credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

212.     Credit One Bank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

213.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit One Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 12
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(against Credit One Bank)

214.     Plaintiff incorporates by reference ¶¶ 9-117 of this Complaint.

215.     On at least one occasion within the past two years, by example only and without limitation, violated 15 U.S.C. § 1681s-2(b) by continuing to publish to the credit reporting agencies inaccurate information regarding Plaintiff.

216.     On at least one occasion within the past two years, by example only and without limitation, Credit One Bank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation with respect to the disputed information.

217.     On one or more occasions within the past two years, by example only and without limitation, Credit One Bank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

218.    On one or more occasions within the past two years, by example only and without limitation, Credit One Bank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the inaccurate information.

219.    When Credit One Bank received notice of Plaintiff's dispute from Experian, Equifax, and TransUnion, Credit One Bank could and should have reviewed its own systems and previous communications with the Plaintiff as part of its investigation.

220.    Credit One Bank would have discovered that the information it was reporting about Plaintiff was inaccurate if Credit One Bank had reviewed its own systems and previous communications with the Plaintiff.

221.    Credit One Bank's investigation was per se deficient by reason of these failures on Credit One Bank's investigation of Plaintiff's dispute.

222.    As a direct and proximate result of 's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for home loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

223.    Credit One Bank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

224.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Credit One Bank, awarding Plaintiff the following relief: [1] actual damages pursuant to

15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 13
## DEFAMATION
(against Credit One Bank)

225.    Plaintiff incorporates by reference ¶¶ 9-117 of this Complaint.

226.    Credit One Bank intentionally and falsely represented inaccurate information regarding Plaintiff it knew, or should have known, was inaccurate.

227.    The false representations made by Credit One Bank were injurious to Plaintiff's reputation and creditworthiness in the community.

228.    The false representations made by Credit One Bank were not privileged and were not consented to by Plaintiff.

229.    Credit One Bank's defamation of Plaintiff was willful and with malice. Credit One Bank did not have any reasonable basis to believe the inaccurate information Credit One Bank was reporting regarding Plaintiff.

230.    Credit One Bank willfully determined to follow procedures which did not review, confirm or verify the information disputed by Plaintiff.

231.    Wherefore, Plaintiff seeks judgment against Credit One Bank for compensatory and punitive damages in such sums as the jury may assess, plus interest and costs along with such other and further relief as may be necessary, just and proper.

DATED: October 7, 2024

Respectfully Submitted,

 /s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**BRYON YOUNG, ESQ.**

Florida Bar No. 1052949
E-mail:     Bryon@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:     561-542-8550

*COUNSEL FOR PLAINTIFF*